UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                             Civil No. 1:23-cv-00273

      vs.

$1,300 UNITED STATES CURRENCY, and
$10,020 UNITED STATES CURRENCY,

                Defendants.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $1,300 United States Currency and $10,020 United States Currency (the "Defendant Currency").

### THE DEFENDANT IN REM

2. The Defendant Currency consists of $1,300 and $10,020 in United States currency that was seized on or about June 3, 2022 by the Drug Enforcement Administration (DEA) in Kalamazoo County, Michigan. The Defendant Currency is

1

currently in the custody of the United States Marshals Service (USMS).

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5.     As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6.     On or about August 18, 2021, Anthony Delane Hudson II sold approximately one ounce of methamphetamine to an undercover law enforcement officer in Kalamazoo, Michigan. After the drug deal, Hudson drove to 716 Gilbert

Avenue, Kalamazoo, Michigan (the Subject Premises).

7.  On or about November 9, 2021, Hudson sold approximately two ounces of methamphetamine to an undercover law enforcement officer. After the drug deal, Hudson drove to the Subject Premises.

8.  Upon information and belief, Hudson continued to sell methamphetamine and fentanyl in the Kalamazoo area through 2021 and into 2022.

9.  On or about June 1, 2022, Hudson left the Subject Premises and drove directly to an AutoZone store in Kalamazoo where he conducted a drug deal with an unknown individual on a motorcycle.

10.  On or about June 3, 2022, law enforcement executed a search warrant at the Subject Premises.  During the search, Hudson's mother, Angelina Jones, and Hudson's brother, Latrell Hudson, were present.

11.  In the finished portion of the basement of the Subject Premises, investigators found a .45 caliber cartridge and $1,300 United States Currency in the middle compartment of a couch.

12.  In the unfinished portion of the basement, investigators found a plastic bag that contained a loaded .45 caliber firearm, and a plastic cup and digital scale with methamphetamine residue. Investigators also found a Sentry safe that contained $10,020 United States Currency. Hudson had the key to open the safe in his possession.

13.  Investigators interviewed Hudson's mother, Angelina Jones. During the interview, Jones stated that Hudson would come and go from the residence and left

a lot of his belongings there. Jones had never seen the gun investigators found in the basement. Jones stated that she was aware of the safe in the basement, knew that it contained cash, and stated that the cash belonged to Hudson.

14.     On or about August 29, 2022, Hudson pleaded guilty pursuant to a plea agreement in United States District Court, Western District of Michigan, to distribution of methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1). *See* Case No. 1:22-cr-00120-RJJ.

15.     Pursuant to the plea agreement, Hudson agreed that the $1,300 United States Currency found in the basement couch and the $10,020 United States Currency found in the basement safe at the Subject Premises are subject to forfeiture and constitute proceeds of drug trafficking. *See* Case No. 1:22-cr-00120-RJJ (R.17: Plea Agreement, PageID.37-38.) Hudson also agreed not to assist any other individual in contesting the forfeiture of the Defendant Currency and agreed that there was reasonable cause to seize it. (*Id.*)

4

## CLAIM I

16.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

17.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

18.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

19.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

20.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

21.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration or the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

MARK A. TOTTEN
United States Attorney

Dated: March 15, 2023

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

6

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>3/14/23</u>

MarcelBehnen4090 05297-90610
Digitally signed by MarcelBehnen409005297-90610
Date: 2023.03.14 14:22:42 -04'00'

Marcel Behnen
Task Force Officer
Drug Enforcement Administration